UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL J. MULLINER,<br><br>             Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>             Defendant. | CASE NO. 2:16-CV-01584-RBL-DWC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: May 19, 2017 |

The District Court has referred this action, filed pursuant to 42 U.S.C § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff seeks judicial review of the Defendant's denial of the Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to properly evaluate the medical opinion of one of Plaintiff's examining physicians. Therefore, the undersigned recommends the entry of an Order, pursuant to sentence four of 42 U.S.C. § 405(g), reversing the ALJ's decision and remanding for further proceedings.

## PROCEDURAL & FACTUAL HISTORY

On May 28, 2002, Plaintiff filed an application for SSI, and on June 5, 2002, Plaintiff filed an application for DIB. *See* Dkt. 10, Administrative Record ("AR") 67-69, 269-72. Plaintiff alleges he became disabled on May 5, 2001, due to clinical depression, abdominal distention, and acid reflux. *See* AR 67, 73. Plaintiff's applications were denied upon initial administrative review and on reconsideration. *See* AR 32, 33, 273, 278. Plaintiff had his first hearing before an ALJ on September 30, 2004, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 289.

On March 17, 2005, the ALJ found Plaintiff was not disabled within the meaning of Sections 216(i), 223, and 1614(a)(3)(A) of the Social Security Act. AR 24. Over the next eight and a half years, Plaintiff's case has since been reversed and remanded by the Appeals Council and by this Court four times. *See* AR 366-77, 849-50, 895-99, 1678-80. Plaintiff has testified at five ALJ hearings, and three ALJs have rendered a total of five decisions. With the exception of the first decision, all of the ALJ decisions have been reversed by or with the assent of the Commissioner. *See* AR 849-50 (Order on Stipulated Motion for Remand); AR 895-99 (Appeals Council Remand Order); AR 1678-80 (Appeals Council Remand Order); Dkt. 24 (Defendant's Responsive Brief in this case conceding the ALJ committed harmful error and requesting this Court remand the case for further proceedings). As of the date of this Report and Recommendation, Plaintiff's claims have been pending for one month shy of fifteen years from the date Plaintiff filed his first application for SSI benefits.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the most recent ALJ decision: 1) improperly evaluated the medical opinion of one of Plaintiff's examining physicians; and 2) failed to include limitations pertaining to

1 | Plaintiff's ability to interact with and respond appropriately to supervisors in the residual

2 | functional capacity ("RFC") finding. Dkt. 14, p. 1.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

I.  Whether the ALJ Committed Harmful Error.

Plaintiff raises two assignments of error in his opening brief. First, Plaintiff argues the ALJ erred in evaluating the opinion of Plaintiff's examining physician, Dr. Gaffield. Second, Plaintiff argues the ALJ erred by failing to include a limitation in responding appropriately to supervisors in the RFC. Defendant concedes the ALJ committed harmful error by failing to properly evaluate Dr. Gaffield's opinion, and requests this Court remand the case to the ALJ for further proceedings. In his reply, Plaintiff withdrew his request for a remand for the immediate award of benefits. Dkt. 25. However, Plaintiff argues both assignments of error, not just the ALJ's error in evaluating Dr. Gaffield's opinion, justify a remand for further proceedings.

As a threshold matter, Plaintiff argues Defendant has waived any objection to Plaintiff's second assignment of error, because Defendant failed to address it in her responsive brief. To support this proposition, Plaintiff cites to two recent decisions of this Court, where the Court

held a plaintiff's failure to articulate an issue with specificity in their opening brief constituted waiver of that issue. *See Reed v. Berryhill*, 2017 WL 684154, at *6 (W.D. Wash. Feb. 21, 2017); *Vandevoort v. Berryhill*, 2017 WL 413203, at *5 (W. D. Wash. Jan 31, 2017). Plaintiff misconstrues the holding in these cases. In *Reed* and *Vandevoort*, and in the Ninth Circuit precedent upon which both *Reed* and *Vandevoort* rely, the guiding principal behind the waiver issue is that it is Plaintiff's burden to demonstrate harmful error in the ALJ's decision, not the Commissioner's burden to disprove error. *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006); *Bisuano v. Colvin*, 584 Fed.Appx. 512, 514 (9th Cir. 2014). The fact Defendants did not discuss Plaintiff's second assignment of error in their responsive brief does not obviate this Court's responsibility to evaluate whether Plaintiff has met his burden in demonstrating the ALJ's decision is legally erroneous or unsupported by substantial evidence.

      As to the substance of Plaintiff's argument, Plaintiff contends the ALJ erroneously failed to include a limitation in the RFC finding reflecting he had difficulty responding appropriately to supervisors. Plaintiff argues the ALJ's error stems from the ALJ's failure to properly evaluate Plaintiff's subjective symptom testimony, as well as the ALJ's failure to properly evaluate the medical opinion evidence. The Court disagrees.

      First, Plaintiff argues the ALJ erroneously conflated his appearance in mental health evaluations with how he might perform in a competitive workplace. However, the ALJ's actual reasoning on this point was as follows:

> [C]ontrary to his allegations that he cannot get along with authority figures, providers (i.e., an example of an authority figure) have consistently described the claimant as being appropriate, cooperative, friendly, and pleasant, with no signs of anger or rage, during appointments. (*See, e.g.*, [AR 185-221, 240-50, 525, 557, 577, 581, 589, 593, 597, 609, 689, 748, 752, 1023, 1028, 1033, 1045, 1050, 1056,

1061, 1204, 1211, 1218, 1223, 1228, 1310, 1355, 1517, 1570, 1578, 1859, 1864, 1938, 1943, 1948, 1956, 1961, 1966, 1971, 1976, 1981]).

AR 827. Plaintiff argues that interaction with physicians in a clinical setting does not equate to interaction with supervisors in a work setting. But, rather than an argument as to why the ALJ's reasoning is legally erroneous or unsupported by substantial evidence, Plaintiff simply articulates his view of how this evidence ought best to be interpreted. No matter how rational Plaintiff's interpretation of the evidence may be, if the evidence "is susceptible to more than one rational interpretation," including one that supports the ALJ's reasoning, the ALJ's conclusions "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Notably, the ALJ may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 .2d 639, 942 (9th Cir. 1982). The ALJ could rationally infer from Plaintiff's consistent presentation as cooperative, friendly, and pleasant on examination that his claimed inability to get along with authority figures was inconsistent with the medical evidence.

Plaintiff also argues that "overwhelming medical opinion evidence confirms that [he] had a serious limitation responding appropriately to supervisors." Dkt. 14, p. 13. To support this proposition, Plaintiff cites to the opinions of Dr. Cavenee, Dr. Michels, Dr. Harmon, Dr. Lewy, Ms. Hale, M.A., and Nurse Practitioner Larson, all of whom opined to at least marked limitations in social interaction with supervisors. AR 261, 518, 527, 623, 1455, 2099, 2126-27. However, the ALJ considered all of these opinions, and gave little weight to their opined social limitations. AR 833-35, 837, 840. Notably, Plaintiff does not challenge the ALJ's reasons for discounting these opinions.

Finally, Plaintiff makes the conclusory argument that his work history "is not substantial evidence for [the ALJ] finding that [Plaintiff] had no limitation with respect to supervisors," as Plaintiff has not engaged in substantial gainful activity since his disability onset date. Dkt. 14, p.

14. However, even assuming this were error, the ALJ offered other valid reasons for discounting any limitations in interaction with supervisors, including the reasons discussed above. *See* AR 827, 835. Thus, even if this were error, it would not constitute a basis to overturn the ALJ's findings on this point.

Because the ALJ offered legally valid reasons, supported by substantial evidence, for discounting Plaintiff's testimony concerning his ability to interact with supervisors, the ALJ's analysis on this point is not error. Nonetheless, the case must be remanded in any event due to the ALJ's harmful error in evaluating Dr. Gaffield's opinion. Thus, on remand, Plaintiff should receive a *de novo* hearing where he will be entitled to make additional arguments to the ALJ as to the propriety of a limitation in his ability to interact with supervisors.

II. Whether the ALJ's Errors Warrant a Remand for the Immediate Calculation of Benefits.

As discussed above, Plaintiff has withdrawn his request for a remand for the immediate award of benefits, and instead seeks a remand for further proceedings. Dkt. 25, p. 3. The Court is mindful of the fact that a remand for an award of benefits is only permitted in "rare circumstances . . . where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). Nonetheless, the posture of this case warrants additional comment in the hope of expediting further proceedings at the hearing level.

Plaintiff's applications for benefits have been pending for nearly fifteen years, been reviewed by three ALJs five separate times, been remanded to ALJs four times,[1] and will ultimately have been reviewed by five separate judges of the Western District of Washington

---

[1] Should the District Court adopt this report and recommendation, five times.

upon conclusion of this case. When Plaintiff filed his case, he was classified as a "younger individual age 18-49" by Social Security Regulations. AR 842. He has since passed through three age categories, and is now considered to be an individual closely approaching retirement age (Age 60-65). AR 842.

The Commissioner has acknowledged, either through reversal by the Appeals Council or by conceding harmful error to this Court, the four prior ALJ decisions—including the one before the undersigned—have contained harmful error requiring remand. *See* AR 849-50, 895-99, 1695; Dkt. 24. Further, with every remand, the record in the case appears to have become more convoluted with little apparent benefit. For example, to the extent Plaintiff and Plaintiff's various medical providers will be asked on remand to testify as to the nature and extent of Plaintiff's limitations, the proceedings would appear to be devoid of any useful purpose. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (noting a Court may exercise its discretion to remand a case for an award of benefits "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.") (internal citations and quotations omitted). The medical opinions, findings and statements which would be at issue were rendered many years ago—sometimes more than a decade—and any subsequent medical developments will have little to no bearing on Plaintiff's pending DIB application as his insurance status expired on March 31, 2006. AR 821.[2] Thus, on remand, the Court questions whether any testimony obtained by the ALJ will actually serve a purpose other than to create new conflicts in the record, conflicts largely caused by nothing more than the passage of time and the imperfections of human memory. For example, many of the purported inconsistencies in the record are, at best, nominal. The ALJ questions Plaintiff's honesty and incentive to exaggerate

---

[2] New medical developments may still be relevant to Plaintiff's pending SSI application.

for financial gain based, in part, on differing statements he made in the record concerning the *number* of times he attempted suicide (three versus two) or was sexually abused as a child (once or multiple times). AR 829, 835-36. This procedural posture strongly resembles the "'heads we win; tails, let's play again' system of disability benefits adjudication" which has been roundly criticized by the Ninth Circuit. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

The credit-as-true rule is a "prophylactic measure designed to motivate the Commissioner to ensure that pain testimony will be carefully assessed and its importance recognized," and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler*, 775 F.3d at 1100 (internal citations omitted). Though both parties agree a remand for the award of benefits is not appropriate at this time, the undersigned notes SSI and DIB provide a safety net of last-resort to those in our society most desperately in need. More than fifteen years will have elapsed between the date of Plaintiff's first application and Plaintiff's next ALJ hearing, and there is a possibility Plaintiff's applications will continue on well past this milestone before the case is finally resolved. As the Commissioner has effectively acknowledged the past four ALJ decisions have involved harmful error, the Commissioner should endeavor to resolve this case as promptly as possible.

## **CONCLUSION**

Based on the above stated reasons and the relevant record, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. Judgment should be for Plaintiff and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 19, 2017, as noted in the caption.

      Dated this 3rd day of May, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge